

Brooklyn
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
718.215.5300 | P

Long Island · Brooklyn · White Plains · Rochester · Albany

June 20, 2023

<u>Via ECF</u>
Hon. Edgardo Ramos
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

   Re: *Dunphy v. Giuliani et al.*, Case No. 23-cv-05026-ER;
     <u>Motion to Remand and For Fees and Costs</u>

Dear Judge Ramos:

  We write pursuant to Rule 2.A.ii of Your Honor's Individual Practices to respectfully request a pre-motion conference in connection with Plaintiff Noelle Dunphy's motion to remand this recently removed action to the New York State Supreme Court (the "State Court"), and for costs and expenses, including reasonable attorneys' fees, because the removal was objectively unreasonable.

  Ms. Dunphy initiated this lawsuit in the State Court seeking damages for sexual abuse, sexual harassment, a hostile work environment, and unpaid wages. She filed a Summons with Notice in State Court on January 4, 2023 and a Verified Complaint on May 15, 2023. As discussed below, Defendants appeared in State Court and actively litigated there, including by filing motions. However, on June 14, 2023, Defendants filed their Notice of Removal on the basis of alleged diversity jurisdiction shortly after a State Court Justice was assigned to the case. Dkt. No. 1

  This case warrants remand and an award of fees and costs for four reasons: (i) diversity is lacking since all parties are New York citizens; (ii) the removal violated the forum defendant rule, for the same reasons as Your Honor identified in *Avon Group LLC v. Mosdos Chofetz Chaim, Inc.*, 2012 WL 2886697, 12–CV–3827-ER (S.D.N.Y. July 13, 2012) (Ramos, J., remanding and awarding fees and costs); (iii) Defendants waived any right to removal by actively litigating and seeking affirmative relief in State Court; and (iv) the removal was untimely because it was filed more than 30 days after Defendants were served with Plaintiff's Summons with Notice.

  <u>First</u>, remand is required because complete diversity of citizenship is lacking. 28 U.S.C. § 1332. Defendants admit that they are citizens of New York. And while Defendants claim in conclusory fashion that Ms. Dunphy is a citizen of Florida, that assertion is false.

  "[A] party's citizenship depends on [her] domicile," that is to say, "the place where a person has [her] true and fixed home and principal establishment, and to which, whenever [s]he is

absent [s]he has the intention of returning." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks omitted).

Defendants have not submitted any evidence supporting their speculation that Ms. Dunphy is domiciled in Florida. To the contrary, she has always been a New York citizen and, notably, her Summons with Notice lists her address in New York. Defendants' claim that Ms. Dunphy has a Florida driver's license is an outright misrepresentation. Ms. Dunphy has only a New York driver's license; she has never had a Florida driver's license. Moreover, she maintains her permanent residence in New York, is registered to vote in New York, pays New York state taxes, and maintains bank accounts in New York.[1] Thus, diversity of citizenship is lacking, and remand is required.

Second, as in *Avon Group LLC*, remand is required under the forum defendant rule, which provides that a defendant is prohibited from removing a matter to federal court based on diversity of citizenship if that defendant is a citizen of the state where the matter was initially filed. *See* 28 U.S.C. § 1441(b); *see also Ramapo v. Parks*, No. 23 CV 594 (VB), 2023 WL 3775315, at *4 (S.D.N.Y. June 2, 2023) (citing *Hardman v. Bristol-Meyers Squib Co.*, 2019 WL 1714600 (S.D.N.Y. 2019)). Under the forum defendant rule, an action can be removed on the basis of diversity jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Here, Defendants have admitted that they are citizens of the forum state—New York. Thus, Defendants' removal violated the forum defendant rule.

Third, remand is appropriate because if Defendants had any right to remove (which they did not), they waived it by actively litigating and seeking affirmative relief in the State Court. "[T]he privilege of removal may be waived. A waiver may occur in numerous ways such as . . . answering in the State Court, or any other fashion indicating submission to jurisdiction." *Gen. Phoenix Corp v. Malyon*, 88 F. Supp. 502, 503 (S.D.N.Y. 1949); *see also Heafitz v. Interfirst Bank of Dallas*, 711 F. Supp. 92, 96 (S.D.N.Y. 1989) (holding that defendant waived right to remove by litigating issues in state court).

Counsel for the corporate Defendants appeared in the State Court and demanded a complaint on February 2, 2023, and *pro se* Defendant Giuliani appeared in the State Court and demanded a complaint on February 4, 2023. Four months later, on June 2, 2023, Defendants each filed motions in the State Court seeking various forms of relief, including, striking Ms. Dunphy's complaint, in the alternative, striking various paragraphs of the complaint, "dismissing the complaint in its entirety," and for sanctions. *See* Notice of Motion, NYSCEF Index No. 650033/2023, at Dkt. No. 16. Thus, before seeking removal, Defendants "voluntarily stepped into state court . . . and took affirmative action to submit issues for determination by the state court." *Heafitz*, 711 F. Supp. at 96.

Defendants took all of these actions in State Court despite knowing the facts they claim support removability. Indeed, Defendants do not identify any fact relating to alleged removability that they did not know when they chose to actively litigate in State Court. Thus, Defendants

---

[1] Although not dispositive for purposes of diversity jurisdiction, it is also noteworthy that Ms. Dunphy lived and worked in New York for most of the time that she worked for Defendants.

waived any right of removal by knowingly submitting themselves to the jurisdiction of the State Court.

Fourth, remand is appropriate because the removal was untimely. Under § 1446(b), a defendant can only remove a case to federal court within 30 days after receiving an initial pleading. The Second Circuit held in *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 205 (2d Cir. 2001) that a summons with notice may satisfy the initial pleading requirement. *See also Maher v. Nusret New York LLC*, No. 21-CV-10653 (PKC), 2022 WL 443619, at *2 (S.D.N.Y. Feb. 14, 2022). To qualify as an initial pleading, the summons with notice must enable "a defendant to intelligently ascertain removal." *Id.* at 198 (citing *Whitaker*).

Ms. Dunphy's Summons with Notice, which she filed on January 4, 2023, included substantively the same information relevant to removability that was contained in her later-filed complaint. For example, the Summons with Notice included a demand in excess of the jurisdictional threshold required for removal. Although the Summons with Notice did not list an out-of-state address for Ms. Dunphy (because she is a New York citizen, as discussed above), that is also true of the complaint (which merely mentions that she resided in Florida at certain times in the past). Thus, all the information about removability that Defendants could glean from the complaint was equally available to Defendants when Ms. Dunphy filed her Summons with Notice. It is therefore appropriate to construe her Summons with Notice as the initial pleading, which triggered the deadline for removal. Defendants' removal was therefore untimely because it occurred more than 30 days after Ms. Dunphy served Defendants with the Summons with Notice.

Finally, Ms. Dunphy seeks an award of attorneys' fees and costs. Congress has provided that "[a]n order remanding [a] case [for lack of jurisdiction] may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Avon Group LLC*, 2012 WL 2886697, 12–CV–3827-ER (S.D.N.Y. July 13, 2012) (Ramos, J., awarding attorneys' fees and costs). Ms. Dunphy seeks an award of attorneys' fees and costs incurred in connection with the removal and remand because Defendants' decision to remove was factually and legally baseless, as set forth above. *Capital2Market Consulting, LLC v. Camston Wrather, LLC*, No. 22 CIV. 7787 (VM), 2023 WL 2366975, at *7 (S.D.N.Y. Mar. 6, 2023) (awarding reasonable counsel fees of $60,457.50 for work done on the issue of removal, where attorneys were handling case based on "alternative fee arrangement"); *Cleanup N. Brooklyn by Chantrtanapichate v. Brooklyn Transfer LLC*, 373 F. Supp. 3d 398, 408–09 (E.D.N.Y. 2019) (awarding $66,503.15 in attorneys' fees and $5,222.39 in costs for *pro bono* counsel).

For each of the foregoing reasons, Ms. Dunphy respectfully requests that the Court schedule a pre-motion conference (or, in the alternative, set a briefing schedule) as soon as possible for Ms. Dunphy's motion to remand and for attorneys' fees and costs. We thank the Court for its attention to this matter.

Very truly yours,

*/s/ Justin T. Kelton*

Justin T. Kelton