

Adam Katz | Partner
Direct 646.292.8787 | akatz@goldbergsegalla.com

June 26, 2023

**Via ECF**
Hon. Edgardo Ramos, U.S.D.J.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re: Dunphy v. Giuliani, et al., 1:23-cv-05026**

Dear Judge Ramos:

This firm represents Defendants Giuliani Partners, LLC, Giuliani Group, LLC, and Giuliani Security & Safety, LLC (collectively, "Corporate Defendants") in the above-reference matter. Pursuant to the Court's Individual Rules and Practices, Corporate Defendants, as well as Defendant Giuliani (collectively, "Defendants") submit this letter in opposition to Plaintiff's June 20, 2023 pre-motion letter seeking that this matter be remanded back to New York State Supreme Court (the "Pre-Motion Letter").

Firstly, contrary to the assertions in the Pre-Motion Letter, Defendants believe that they have reasonably alleged removal based on diversity pursuant to 28 U.S.C. § 1332. In assessing citizenship of individual parties, courts will look to the party's current residence, whether plaintiff owns or rents his place of residence, the nature of the residence, voting registration, driver's license and automobile registration, location of a person's physician, lawyer, accountant, dentist, stockbroker, brokerage and bank accounts, memberships in fraternal organizations, churches and other associations, places of employment or business and payment of taxes. *Kennedy v. Trs. Of Testamentary Trust of Will of Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009); *Nat'l Artists Mgmt. Co. v. Weaving*, 769 F. Supp. 1224, 1228 (S.D.N.Y. 1991). No single factor is determinative, and courts must consider the "totality of the evidence." *Weaving*, 769 F. Supp. at 1228.

Here, Defendants have records and correspondence showing that Ms. Dunphy has lived in Del Ray Beach, Florida since 2014.[1] The records further indicate that she no longer resides at any of her prior New York City residences. Additionally, Ms. Dunphy has had several traffic violations and run-ins in with the law in Florida in October 2021 and January 2022. Not only does this help refute Plaintiff's claim that Florida was just somewhere she "vacationed," but the tickets show that Ms. Dunphy was driving a car registered in Florida, another factor that courts will consider when assessing citizenship.[2] Additionally, contrary to the assertions in the Pre-Motion Letter, the majority of Mr. Giuliani's (wholly consensual) relationship with Ms. Dunphy occurred in Florida.

Relatedly, assessing citizenship requires an analysis of information that is solely in the possession, custody, and control of the plaintiff. In this instant, Defendants believe that in addition

---

[1] Defendants can easily submit these records to the Court *in camera* or as the Court desires. Given the publicity of this case, Defendants did not think it was proper to submit information containing Ms. Dunphy's address and other personal information without discussing how to proceed with the Court.

[2] While Defendants initially wrote that Ms. Dunphy had a Florida driver's license based on these tickets, the tickets demonstrate that Plaintiff was actually using a car registered in Florida, which is another factor that courts can consider. Defendants have filed an amended notice of removal to correct the unintentional error.

**Please send mail to our scanning center at: PO Box 880, Buffalo NY 14201**

711 3rd Avenue, Suite 1900, New York, NY 10017-4013  |  646-292-8700  |  646-292-8701  |  **www.goldbergsegalla.com**
CALIFORNIA | CONNECTICUT | FLORIDA | ILLINOIS | NEW JERSEY | NEW YORK | NORTH CAROLINA | MARYLAND | MISSOURI | PENNSYLVANIA

to the information above, several pieces of information, such as the location of Ms. Dunphy's doctors, will favor removing this case and therefore, where Defendant have already made a reasonable showing of diversity, the Court should use its discretion to allow and order limited discovery to assess citizenship before the parties submit formal briefing in this matter. *Sprout Mortg., LLC v. Consol. Analytics*, 2021 U.S. Dist. LEXIS 156152 (E.D.N.Y. 2021); *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613 (2d Cir. 2019); *Gonzalez v. Edelman*, 1997 U.S. Dist. LEXIS 20563, *1 (S.D.N.Y. Dec. 30, 1997).

Secondly, contrary to Plaintiff's assertion, Defendants' notice of removal was timely, based on the service of the actual Complaint, which was the first time that Ms. Dunphy stated that she resided in Florida. A defendant does not have an independent duty to investigate whether a case is removable. *See, e.g., Whitaker v. Am. Telecasting, Inc*., 261 F.3d 196, 206 (2d Cir. 2001). A defendant need not "look beyond the initial pleading for facts giving rise to removability." *Ritchie Capital Mgmt, LLC v. GE Capital Corp.*, 87 F. Supp. 3d 463, 468 (SDNY 2015) (internal citation omitted). Accordingly, where "removability is not apparent from the allegations of an initial pleading or subsequent document, the 30-day clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered." *Ritchie Capital Mgmt, LLC*, 87 F. Supp. 3d at 468-69, quoting *Cutrone v. Mortgage Elec. Registration Sys., Inc*., 749 F.3d 137, 143 (2d Cir. 2014); *see also Moltner v. Starbucks Coffee Co*., 624 F.3d 34, 37 (2d Cir. 2010) (quoting *Whitaker*, 261 F.3d at 206). ("[T]he 30-day period did not begin to run until the defendant received the first document from which *all* of the facts giving rise to removability were evident.").

Here, Plaintiff attempts to use its summons with notice to start the clock for removal, but unlike the Complaint, the summons with notice makes no mention of Ms. Dunphy living in Florida and in fact, states that their relationship occurred while they were physically present in New York, which we later learned was untrue. Thus, the actual complaint was the first time that Defendants and counsel could assess diversity and where Plaintiff was currently domiciled. Removability was not apparent from the summons with notice. Here, the Complaint was filed on May 15, 2023 and the instant notice of removal was filed on June 14, 2023, i.e., within 30 days, thereby making removal timely.

Thirdly, Defendants did not waive their right to removal based on filing an appearance and the motion to strike in New York State Supreme Court. Based on the case on which Plaintiff relied in the Pre-Motion Letter, *Heafitz v. Interfirst Bank of Dallas*, 711 F. Supp. 92, 96 (S.D.N.Y. 1989), courts will look to whether the motion looks to dispose of the matter on the merits and where there is no attempt to dispose of the matter on the merits, waiver has not occurred. Here, Defendants' motion to strike seeks to strike certain salacious and scandalous paragraphs of the Complaint.[3] Moreover, importantly, the return date on the motion to strike has not lapsed and Plaintiff has not even submitted an opposition.

While outside of this district, *Livolsi v. State Farm Mut. Auto. Ins. Co*., 2017 U.S. Dist. LEXIS 230683, *10-11 (S.D. Fla. June 29, 2017), is especially instructive. There, the Court

---

[3] The motion to strike also seeks dismissal of the Complaint as a sanction—not on the merits pursuant to CPLR 3211 or CPLR 3212.

recognized the "quandry" of having to file an answer within 20 days of receiving the complaint, but having 30 days to file for removal. In *Livolsi,* the defendant also filed a motion to strike that the state court had not yet decided. The court found that the defendant's actions in state court were "not substantial" and did not constitute a waiver.

       Here, as in *Livolsi,* Defendants were required to file a motion to strike based on CPLR 3024(b) within 20 days of receiving the Complaint and had another 30 days to seek removal. The contacts and litigation in state court were minimal— no motion to dismiss or answer was filed and the parties did not begin discovery. Therefore, the Court should not view this as a waiver of removal.

       Fourthly, pursuant to the Second Circuit ruling in *Gibbons v. Bristol-Myers Squibb Co.,* 919 F.3d 699, 706-707 (2d Cir. 2019), the home defendant rule is inapplicable here, where removal was made before service and joinder on all Defendants was made. Corporate Defendants were not served properly within the requirements set forth by CPLR 3211-a. Per the affidavits of service, the parties receiving service of the Complaint were not members or managers of the limited liability companies and they were not authorized agents or individuals designated to receive service of the summons of the complaint. Therefore, removal was made before home defendant rule attached.

       Finally, Defendants respectfully request that Plaintiff's applications for fees and costs be denied. While Defendants recognize that the Court has discretion to award fees on a remand motion, even if ultimately unsuccessful, Defendants have presented a colorable, non-frivolous argument for removal and therefore awarding fees would not be proper. *Latin America v. Inepar S/A Industrias,* 2004 U.S. Dist. LEXIS 13132 , at *3 (S.D.N.Y. 2004); *Sbarro, Inc. v. Karykous,* 2005 U.S. Dist Lexis 46522, *9-10 (E.D.N.Y. Jun. 30, 2005); *Law Offices of Aleksandr Vakarev v. Cuneo, Gilbert & Laduca,* LLP, 2022 U.S. Dist. LEXIS 136317, *5 (E.D.N.Y. Aug 1, 2022). This was not "merely an attempt to abuse or harass plaintiff, or to force plaintiff to incur unnecessary expenses." *See Sbarro,* 2005 U.S. Dist Lexis 46522, at *10, citing *Mastec Latin America*, 2004 U.S. Dist. LEXIS 13132, 2004 WL at *3 and *Circle Industries USA, Inc. v. Parke Const.*, 183 F.3d 105, 109 (2d Cir.1999)(noting that the purpose of attorney fees under § 1447(c) is to deter the "possibility of abuse, unnecessary expense, and harassment"). To the contrary, here, in order to avoid protracted motion practice, Defendants offered to consent to remand the case, if Plaintiff dropped its fee application. The case could have been remanded before the return date of Defendants' motion to strike. Instead, Plaintiff, through counsel, requested that Defendants' counsel provide the facts and cases upon which they intended to rely in this opposition, claiming that would help in assessing whether Ms. Dunphy would withdraw her application for fees and instead, she now claims she will be seeking more fees for needing to review those documents. Based on the foregoing, Plaintiff's application should be denied.

       We thank the Court for its attention to this matter.

               Respectfully Submitted,

               Adam S. Katz, Esq.