

**MEMO ENDORSED**

ABRAMS FENSTERMAN, LLP
ATTORNEYS AT LAW

Brooklyn
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
718.215.5300 | P

Long Island · Brooklyn · White Plains · Rochester · Albany

June 29, 2023

<u>Via ECF</u>
Hon. Edgardo Ramos
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

> Defendants are directed to respond by July 5, 2023.
> SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J.
> Dated: June 29, 2023
> New York, New York

Re: **_Dunphy v. Giuliani et al._, Case No. 23-cv-05026-ER;**
<u>**Motion to Strike Amended Notice of Removal and For Sanctions**</u>

Dear Judge Ramos:

We write pursuant to Rule 2.A.ii of Your Honor's Individual Practices to respectfully request that Defendants' unauthorized purported "amendment" (Dkt. No. 8) to their previously filed Notice of Removal (Dkt. No. 1) be included in the pre-motion conference scheduled for July 6, 2023. As with the initial Notice, the Amended Notice is improper and fails to overcome the multiple bases requiring remand. Moreover, Defendants have demonstrated a pattern of improper litigation conduct, and deterrent sanctions are warranted.

By way of background, Ms. Dunphy filed a Pre-Motion Letter in preparation for her motion to remand this action to the New York State Supreme Court on June 20, 2023. *See* Dkt. No. 2. That letter identified several deficiencies that are fatal to Defendants' removal of this action based on diversity jurisdiction. The letter also noted that Defendants had falsely claimed in their Notice of Removal that Ms. Dunphy "has a Florida driver's license." On June 26, 2023, two weeks after filing their Notice of Removal, Defendants filed the Amended Notice.

The Amended Notice should be stricken, and Ms. Dunphy should be awarded fees, costs, and sanctions, for four reasons (in addition to those identified in her Pre-Motion Letter).

<u>First</u>, the Amended Notice was improperly filed without leave of Court. Leave was required because the 30-day removal period had passed. *See Stuart v. Adelphi University*, 1994 WL 455181, at *2 (S.D.N.Y. Aug. 19, 1994) ("After the running of the statutory thirty-day period within which a Defendant must file a notice of removal, 28 U.S.C. § 1446(b), a court has *discretion* to permit a defendant leave to amend its notice of removal") (emphasis added); *Arancio v. Prudential Ins. Co. of America*, 247 F.Supp.2d 333, 337 (S.D.N.Y. 2002) (notice of removal cannot be untimely amended without leave of court). Thus, Defendants' filing of the Amended Notice was improper.

Second, Defendants have inexplicably continued to ignore the forum defendant rule, which prohibits removal based on diversity of citizenship if *any* properly joined defendant is a citizen of the forum state. *Avon Group LLC v. Mosdos Chofetz Chaim, Inc.*, 2012 WL 2886697, 12-CV-3827-ER (S.D.N.Y. July 13, 2012). Indeed, an action can be removed on the basis of diversity jurisdiction only if *none* of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought. See 28 U.S.C. § 1441(b).

There is no reasonable basis for Defendants to continue arguing that their removal is not barred by the forum defendant rule. It is uncontested that Defendants are citizens of the forum state (New York), and Defendants do not dispute that Defendant Giuliani was properly joined and served long prior to the removal.[1] While Defendants now argue in their response to Ms. Dunphy's Pre-Motion Letter that the corporate Defendants were not properly served, that argument is irrelevant under the forum defendant rule.[2] Since Mr. Giuliani was served, the removal was objectively improper because it clearly violated the forum defendant rule.

Third, Defendants' tardy Amended Notice is a transparent attempt to cover up their misconduct in connection with the initial removal papers. In their Notice, Defendants falsely represented to the Court that Ms. Dunphy "has a Florida driver's license." The falsity of that claim was readily apparent from public records that *Defendants themselves* identified to Ms. Dunphy's counsel—specifically, the public docket for a traffic court case that Defendants relied on. The actual traffic ticket, which is available on the docket, expressly states that Ms. Dunphy had both a New York driver's license and a New York address. Thus, Defendants never had any reasonable basis to assert in their Notice that Ms. Dunphy "has a Florida driver's license."

Defendants quietly dropped their false claim from their Amended Notice. Then, in a failed attempt to excuse their misrepresentation, Defendants wrote in a footnote in their June 26, 2023 letter that "[w]hile Defendants initially wrote that Ms. Dunphy had a Florida driver's license based on these tickets, the tickets demonstrate that Plaintiff was actually using a car registered in Florida, which is another factor that courts can consider." This statement is a meritless attempt to make it appear as if the ticket somehow supports their position, only in a different way from what they represented to the Court.[3] It doesn't. The mere fact that someone used a car "registered in Florida" does not demonstrate citizenship, and Defendants do not identify any authority to the contrary. Moreover, Defendants' new argument utterly fails to overcome the fact that the removal was barred by the forum defendant rule.

Fourth, Defendants have continued asserting shifting after-the-fact justifications for their improper removal, instead of seeking to mitigate the harm done. Even though it is indisputable

---

[1] *See* Affidavit of Service, *Dunphy v. Giuliani*, N.Y. Sup. Ct. Index No. 650033/2023, at Dkt. No. 2 p. 3 (indicating Mr. Giuliani was personally served on January 4, 2023).

[2] Defendants' argument is also frivolous because it is directly contradicted by: (i) Defendants' own admission in both their original Notice and their Amended Notice that "[a]ttorneys for Defendants accepted service on behalf of Defendants on May 15, 2023"; and (ii) Defendants' active participation in the State Court litigation.

[3] Defendants were obligated to truthfully advise the Court that the very ticket they claim to have relied on listed Ms. Dunphy as having both a New York license and New York address.

that the foreign defendant rule bars removal, and even though it is not disputable that Defendants' Notice of Removal relied on a material false representation, Defendants keep multiplying the litigation over these issues by throwing out wild theories about Ms. Dunphy's supposed Florida contacts, and seeking invasive and costly discovery that cannot possibly have any relevance since the removal was absolutely barred from the outset. Defendants continue to ignore the facts[4] and instead keep trying to perpetuate a false impression where diversity simply does not exist. These actions warrant sanctions, fees, costs, and expenses.

For the foregoing reasons, and as in Ms. Dunphy's Pre-Motion Letter dated June 20, 2023, Ms. Dunphy seeks an award of attorneys' fees and costs. Deterrent sanctions are also appropriate here because of Mr. Giuliani's pattern of bad faith litigation. Just last week, Mr. Giuliani was ordered to pay fees and costs by Judge Beryl Howell of the District of Columbia for violating his obligations in an ongoing litigation. *See* Minute Order dated June 23, 2023, *Freeman v. Herring Networks, et al.*, D.D.C. Case No. 21-cv-03354-BAH. And Mr. Giuliani's law license was suspended by the New York State Supreme Court, Appellate Division, First Department for making "demonstrably false and misleading" statements claiming widespread voter fraud in connection with the 2020 election. *Matter of Giuliani*, 197 A.D.3d 1, 4 (1st Dep't 2021) (finding that Giuliani "communicated demonstrably false and misleading statements to courts, lawmakers and the public at large . . . ."). It is thus clear that Mr. Giuliani's misconduct in connection with the removal of this action was not an isolated incident, and raises the concern that he will continue to violate Court rules and procedures unless the Court acts to deter such conduct. *See id.*; *see also Olive Grp. N. Am. LLC v. Afghanistan Int'l Bank*, No. 21-CV-10836 (ER), 2023 WL 2644350, at *6 (S.D.N.Y. Mar. 27, 2023) (Ramos, J., imposing sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority due to plaintiff filing papers containing erroneous information and failing to conduct reasonable and diligent inquiries, and failing to timely apprise the Court and opposing counsel of their missteps).

For each of the foregoing reasons, and in the interest of judicial economy, Ms. Dunphy respectfully requests that the Court allow the upcoming pre-motion conference, which is scheduled for July 6, 2023, to also serve as a pre-motion conference with respect to Ms. Dunphy's motion to strike the Amended Notice (unless the Court chooses to summarily dispose of the unauthorized amendment) and for attorneys' fees, costs, and sanctions in connection with the filing of the Amended Notice. We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Justin T. Kelton*

Justin T. Kelton

---

[4] Notably, Mr. Giuliani's representation of Ms. Dunphy included advising her in connection with her efforts to seek the return of personal property from a former boyfriend, with whom she had lived *in New York City* for years.