

Adam Katz | Partner
Direct 646.292.8787 | akatz@goldbergsegalla.com

July 05, 2023

**<u>via ECF</u>**

Hon. Edgardo Ramos, U.S.D.J.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re:     Dunphy v. Giuliani, et al., 1:23-cv-05026-ER**

Dear Judge Ramos:

This firm represents Defendants Giuliani Partners, LLC, Giuliani Group, LLC, and Giuliani Security & Safety, LLC (collectively, "Corporate Defendants") in the above-reference matter. Pursuant to the Court's Individual Rules and Practices, Corporate Defendants, as well as Defendant Giuliani (collectively, "Defendants") submit this letter in opposition to Plaintiff's second pre-motion letter, dated June 29, 2023 (the "Second Pre-Motion Letter"). This Second Pre-Motion Letter is Plaintiff's thin attempt to get a sur-reply to its initial pre-motion letter (the "Initial Pre-Motion Letter") and a blatant money grab, especially in light of Defendants' offer to remand the case to New York State Court in order to avoid protracted motion practice.

The Second Pre-Motion Letter emphasizes Defendants' initial claim that Ms. Dunphy has a Florida driver's license. Contrary to the aggrandized and unsupported allegations, there was no nefarious or intentional misconduct from any of the Defendants. Due to certain personal circumstances, which can be explained more fully at the pre-motion hearing, I conflated the driver's license on a traffic ticket with the car registration. Ms. Dunphy did have a car registered in Florida and it does not prove that Ms. Dunphy does not have a Florida driver's license. This mistake was quickly corrected with the amended notice of removal. It would defy logic to make a false claim regarding Ms. Dunphy's driver's license, a piece of evidence that she has readily available in her exclusive custody and control.

This emphasis on the driver's license is an attempt to divert the Court from Plaintiffs' significant ties to Florida. Tellingly, Plaintiff does not deny that she has a Florida residence, which Defendants have a reasonable belief is her current residence and that any address she maintains in New York is actually her parents' residence. In the Second Pre-Motion Letter, Plaintiff does not deny that she uses a car registered in Florida. Plaintiff tries to argue in the Second Pre-Motion Letter that registration of the car has no bearing on citizenship, but Defendants have already cited case law demonstrating, that it is, in fact, a factor that courts in this District consider. *See, Kennedy*

**Please send mail to our scanning center at: PO Box 880, Buffalo NY 14201**

711 3rd Avenue, Suite 1900, New York, NY 10017-4013 │ 646-292-8700 │ 646-292-8701 │ **www.goldbergsegalla.com**
CALIFORNIA | CONNECTICUT | FLORIDA | ILLINOIS | NEW JERSEY | NEW YORK | NORTH CAROLINA | MARYLAND | MISSOURI | PENNSYLVANIA

*v. Trs. Of Testamentary Trust of Will of Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009). Additionally, as Defendants noted in its June 26, 2023 opposition to Plaintiff's Initial Pre-motion Letter (ECF Dkt. No. 9), more discovery will reveal considerably more contacts with Florida. In fact, since Defendants submitted their initial opposition to the pre-motion letter, we have learned that Ms. Dunphy's strategic consulting business, www.strategicconsultantsllc.com, uses her Del Ray Beach, Florida as a registered agent for the company.

With respect to Plaintiff's argument that the forum defendant rule prohibits removal, Defendants addressed this argument in opposition to the Pre-Motion Letter, using the Second Circuit ruling in *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 706-707 (2d Cir. 2019) and arguments that the Corporate Defendants were not properly served with the summons in this case. Plaintiff fails to distinguish *Gibbons* or offer any further argument in the Second Pre-Motion Letter, but merely states that Defendants ignored it.

Finally, contrary to Plaintiff's assertions, sanctions are not warranted or proper in this instance. As an initial matter, Mr. Giuliani's previous litigations and legal troubles have no bearing or place in this case. Indeed, Defendants believe that Mr. Giuliani's other litigations are what Plaintiff is banking on with respect to most of the allegations in this case. As stated previously, Defendants' arguments are reasonable and Defendants did not engage in any misconduct; they have a reasonable basis for removing this action. Moreover, Defendants immediately corrected the notice of removal with respect to the point on the driver's license and alerted Plaintiff's counsel of Defendants' plan to do so.

It is also worth noting again that this was not "merely an attempt to abuse or harass plaintiff, or to force plaintiff to incur unnecessary expenses." *See, Sbarro,* 2005 U.S. Dist. Lexis 46522, at *10, citing *Mastec Latin America*, 2004 U.S. Dist. LEXIS 13132, 2004 WL at *3 and *Circle Industries USA, Inc. v. Parke Const.*, 183 F.3d 105, 109 (2d Cir.1999)(noting that the purpose of attorney fees under § 1447(c) is to deter the "possibility of abuse, unnecessary expense, and harassment"). To the contrary, here, in order to avoid protracted motion practice, Defendants offered to consent to remand the case with each party bearing its own costs, even though Defendants have a reasonable grounds for removal.

We ask the Court to accept Defendants' amended notice of removal and to allow further discovery into Ms. Dunphy's contacts with Florida.

We thank the Court for its attention to this matter.

Respectfully Submitted,

Adam S. Katz, Esq.

ASK/sd1