```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

NOELLE DUNPHY,

                Plaintiff,

          v.                           23 Civ. 5026 (ER)
                                       Telephone Conference
RUDOLPH W. GIULIANI, GIULIANI
PARTNERS, LLC, GIULIANI GROUP,
LLC, GIULIANI SECURITY &
SAFETY, LLC, JOHN and/or JANE
DOES 1-10,

                Defendants.

------------------------------x
                                       New York, N.Y.
                                       July 7, 2023
                                       11:30 a.m.

Before:

                 HON. EDGARDO RAMOS,

                                       District Judge

                       APPEARANCES

ABRAMS FENSTERMAN LLP
     Attorneys for Plaintiff
BY:  JUSTIN KELTON
     SHARON STILLER
     AMANDA SMALL

GOLDBERG SEGALLA LLP
     Attorneys for Defendants
BY:  ADAM KATZ
```

1      (The Court and all parties appearing telephonically)
2      THE COURT:  Good morning, everyone.  This is
3  Judge Ramos.
4      Jazmin, please call the case.
5      (case called).
6      MR. KELTON:  Good morning, your Honor.  This is Justin
7  Kelton from Abrams Fensterman for the plaintiff, Noelle Dunphy.
8  With me on the line are my colleagues Sharon stiller and Amanda
9  Small.
10     MR. KATZ:  Good morning, your Honor.  Adam Katz from
11 Goldberg Segalla representing the corporate Giuliani
12 defendants, and Mr. Giuliani is on the line, as well.
13     THE COURT:  Good morning to you all.
14     Mr. Giuliani, will you be representing yourself in
15 this matter?
16     MR. GIULIANI:  I'm represented by Adam Katz.
17     THE COURT:  Mr. Katz, you're representing both the
18 Giuliani corporate entities and Mr. Giuliani personally?
19     MR. KATZ:  Yes, I'm talking on behalf of all of them,
20 yes.
21     THE COURT:  Good morning to you all.
22     This matter is on for a premotion conference.  I note
23 for the record that it is being conducted by telephone.  This
24 case was removed here from New York State Supreme Court on June
25 14, and shortly thereafter plaintiff's attorney requested a

1  motion to remand the case on various bases, but recent
2  correspondence suggests, and I'll ask you to confirm, Mr. Katz,
3  that you are no longer contesting remand; is that correct?
4          MR. KATZ:  Your Honor, it's a little more complicated
5  than that.  We're willing to consent to remand, but without
6  divulging settlement communications, the fee application that
7  Mr. Kelton, plaintiffs are seeking makes it cost prohibitive
8  for us to not move forward with it because we believe we have a
9  reasonable basis, but we are willing to move it back to state
10 court.
11         THE COURT:  Mr. Kelton, I take it you want to go back
12 to state court?
13         MR. KELTON:  Yes, your Honor, we do.
14         THE COURT:  This matter is here only recently removed,
15 and so far as I am able to tell, you tell me if I'm getting
16 this wrong, the legal efforts you have put in to remand is the
17 letter you submitted; correct?
18         MR. KELTON:  There's a little bit more than that.
19 It's some research, it's the two letters we submitted, and it
20 is factual investigation related to claims and then different
21 and new claims made by the defendants in connection with their
22 first original notice of removal and then amended notice of
23 removal.
24         THE COURT:  How much are you seeking?
25         MR. KELTON:  Well, your Honor, we would submit a fee

|   |   |
|---|---|
| 1 | application with our time run.  We ran it about a week ago and |
| 2 | we had a rough number, but I'd like the opportunity to submit |
| 3 | the fees to the court with full analysis if we can. |
| 4 | THE COURT:  Am I required to award fees in the event |
| 5 | that the removal was improvidently sought? |
| 6 | MR. KELTON:  This is Justin Kelton for the plaintiff. |
| 7 | I believe your Honor has discretion, but the case law |
| 8 | within the Second Circuit and elsewhere is very consistent that |
| 9 | where a removal is objectively improper, courts do award fees. |
| 10 | MR. KATZ:  Your Honor, I just wanted to weigh in. |
| 11 | THE COURT:  Go ahead, Mr. Katz. |
| 12 | MR. KATZ:  Your Honor, we also believe that it's |
| 13 | discretionary and not something that the Court has to award. |
| 14 | Again, we were trying to be prudent here to avoid protracted |
| 15 | motion practice and to avoid considerable practice fees.  The |
| 16 | fee amount for the original letter that plaintiff offered to |
| 17 | settle this was more than defendants have spent on the entire |
| 18 | litigation so far, including the motion to strike in the state |
| 19 | court and everything, and it was many multiples of what we |
| 20 | spent so far.  So it was just a little concerning. |
| 21 | We cited some case law showing the court does not have |
| 22 | to award fees, and the reason why we put in a responsive letter |
| 23 | and amended notice was to show the Court that we weren't trying |
| 24 | to be dishonest, that we were legitimately trying to remove |
| 25 | this based on ties Ms. Dunphy had to Florida, and we still |

1   believe that she has many of those ties.  And so, based on
2   that, we don't think it would be proper to award fees in this
3   instance.  We corrected any statement Ms. Dunphy makes much in
4   her letter about a driver's license.  We corrected it with
5   respect to registration.  And really, there was one letter
6   written back and forth and a second letter and, you know, we
7   don't think it merits the awarding of fees here.  We believe
8   that our position was reasonable and remains reasonable.
9            THE COURT:  This is what I'm going to do:  I'm going
10  to remand the matter back to New York supreme.  I'm not going
11  to impose fees.  As Mr. Katz indicated, as soon as the facts
12  were made aware to him, defendants promptly corrected the
13  record, they essentially admitted their error, and therefore,
14  because there's been almost no litigation, at least in this
15  matter before me, I understand that plaintiffs have incurred
16  some costs in raising the various issues upon which they would
17  have moved for remand on the whole of the record that's before
18  me, and I know that's a small record, I do not find that costs
19  are necessary.  Accordingly, the matter will be remanded, it
20  will be without costs, and good luck to all of you in your
21  future litigation.
22           We're adjourned.  Be well.
23                            * * *
24
25